# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| LUCIA J. NIETO | § | |
| | § | |
| v. | § | Civil Action No. 4:19-CV-00239 |
| | § | Judge Mazzant |
| LANTANA COMMUNITY | § | |
| ASSOCIATION, INC.; FANNIN 900 | § | |
| LAND TRUST; OCWEN LOAN | § | |
| SERVICING, LLC; and TFHSP, LLC | § | |

## MEMORANDUM REJECTING IN PART REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On June 5, 2019, the Magistrate Judge entered her report (Dkt. #20) containing proposed findings of fact and recommendations that Plaintiff Lucia J. Nieto's Motion to Remand (Dkt. #13) be granted. Having received the report and recommendation of the Magistrate Judge and after considering Defendant Lantana Community Association, Inc.'s objections (Dkt. #21), the Court rejects the Magistrate Judge's report and finds that Plaintiff's motion to remand should be denied.

## BACKGROUND

Plaintiff filed this foreclosure and mortgage case on December 28, 2017, in the 393rd Judicial District Court of Denton County, Texas (Dkt. #1). In her Original Petition, Plaintiff sought a declaratory judgment, temporary restraining order, temporary injunction, and asserted claims for wrongful foreclosure, breach of contract, and to quiet title (Dkt. #1-4). Although Plaintiff alleged that she was not properly served under certain rules and provisions of the Texas Rules of Civil Procedure and Texas Property Code, Plaintiff did not assert a federal cause of action

or allege any facts relating to a federal question in her Original Petition (*See* Dkt. #1-4 ¶¶ 14, 17, 22, 26, 36).[1]

On January 30, 2019, Plaintiff filed two motions in the state court: (1) Plaintiff's Traditional Motion for Partial Summary Judgment Against Defendants Fannin 900 Land Trust and TFHSP, LLC (Dkt. #13-3) and (2) Plaintiff's Motion for Leave to File Supplemental Petition (Dkt. #13-2). In her motion for summary judgment, Plaintiff argued, "Because Movant was not served with process in the foreclosure action and given the opportunity to cure, Movant's due process rights under the Texas and United States Constitution[s] were violated and the default judgment rendered against Movant is void." (Dkt. #13-3 at p. 2). In her motion for leave, Plaintiff stated, "this suit implicates Movant's due process rights under the State and Federal constitutions. Out of an abundance of caution, Movant seeks to file a supplemental petition to makes explicitly clear that her constitutional rights to due process have been violated." (Dkt. #13-2 at p. 1). On February 22, 2019, Plaintiff filed a Motion for Continuance, Objections and Response to Defendant Lantana Community Association, Inc's Traditional and First Supplement (sic) Motion for Summary Judgment (Dkt. #13-4). In this filing, Plaintiff again alleged that Defendant violated her federal due process rights (Dkt. #13-4 ¶¶ 4, 21, 24, 26). In reply to Plaintiff's argument, Defendant contended that Plaintiff could not invoke a constitutional claim against a homeowner's association (Dkt. #13-5 at pp. 7–8). Defendant did not remove the case within 30 days of any of these filings.

On March 1, 2019, the state court granted Plaintiff's Motion for Leave to File Supplemental Petition (Dkt. #1-36). Defendant removed the case on March 29, 2019—within 30 days of the

---

1. Plaintiff filed her First Amended Petition on February 6, 2019 (Dkt. #1-22). The First Amended Petition is substantially similar to Plaintiff's Original Petition and also does not contain any allegations relating to a federal claim or question.

state court granting Plaintiff's motion for leave (Dkt. #1). On April 3, 2019, Plaintiff filed her motion to remand arguing that Defendant failed to timely remove the case (Dkt. #13). Defendant filed a response to the motion on April 15, 2019 (Dkt. #16). Plaintiff filed a reply in support of the motion on April 22, 2019 (Dkt. #19).

On June 5, 2019, the Magistrate Judge issued her Report and Recommendation recommending that the undersigned grant Plaintiff's motion to remand as Defendant did not timely remove the case (Dkt. #20). Specifically, the Magistrate Judge characterized Plaintiff's motion for leave as a "motion" or "other paper" under 28 U.S.C. § 1446(b)(3) (Dkt. #20 at p. 7). Therefore, the Magistrate Judge found that the 30-day removal clock began on January 30—the day Plaintiff file her motion for leave—instead of March 1—the day the state court granted Plaintiff's motion for leave (*See* Dkt. #20 at p. 7).

On June 19, 2019, Defendant filed its objections to the Magistrate Judge's Report and Recommendation (Dkt. #21). Defendant objects to the Magistrate Judge's interpretation of § 1446(b)(3) and contends that Defendant could not have ascertained that the case was removable until the state court granted Plaintiff's motion for leave. Therefore, Defendant contends the 30-day removal clock did not start until March 1.

**LEGAL STANDARD**

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a *de novo* review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)–(3). "Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "Only state court actions that originally could have been filed

in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441(a)). "In an action that has been removed to federal court, a district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction." *Humphrey v. Tex. Gas Serv.*, No. 1:14-CV-485, 2014 WL 12687831, at *2 (E.D. Tex. Dec. 11, 2014) (citations omitted). The Court "must presume that a suit lies outside [its] limited jurisdiction," *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001), and "[a]ny ambiguities are construed against removal and in favor of remand to state court." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)). "When considering a motion to remand, the removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Humphrey*, 2014 WL 12687831, at *2 (quoting *Manguno*, 276 F.3d at 723).

## ANALYSIS

The issue here is whether Defendant timely removed the case to this Court. To begin, the Court must decide whether the case was initially removable. If the case was not initially removable, the Court must then determine when the case became removable.

### I. The Original Petition

Defendant could not have removed the Original Petition pursuant to 28 U.S.C. § 1331 as the Original Petition did not contain a federal question.[2] Federal jurisdiction is authorized by Constitution or statute. *Gunn*, 568 U.S. at 256 (quoting *Kokkonen*, 511 U.S. at 377). One statute, 28 U.S.C. § 1331, authorizes "federal question" jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." To determine whether federal question

---

2. Defendant could not remove the Original Petition under 28 U.S.C. § 1332 because complete diversity does not exist between the parties (Dkt. #1-4 ¶¶ 2–6).

jurisdiction exists, courts apply the "well-pleaded complaint" rule. The well-pleaded complaint rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc.*, 482 U.S. at 392; *see also Elam v. Kan. City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011).

When a court looks to the face of the plaintiff's well-pleaded complaint, one of two circumstances present a federal question establishing jurisdiction under § 1331. "Most directly, and most often, federal jurisdiction attaches when federal law creates the cause of action asserted." *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 136 S. Ct. 1562, 1569 (2016); *see also Gunn*, 568 U.S. at 257 (citing *Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916)) ("Most directly, a case arises under federal law when federal law creates the cause of action asserted."). Therefore, if the Court finds a federally created cause of action on the face of the plaintiff's well-pleaded complaint, the Court may exercise federal question jurisdiction over the claim.

However, even if the court finds only state-created causes of action on the face of the plaintiff's well-pleaded complaint, "there is 'a special and small category of cases in which arising under jurisdiction still lies.'" *Manning*, 136 S. Ct. at 1569 (quoting *Gunn*, 568 U.S. at 258). To determine whether a case falls within this special and small category, courts ask "does [the] state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). "That is, federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258.

"Where all four of these requirements are met . . . jurisdiction is proper because there is a 'serious federal interest in claiming the advantages thought to be inherent in a federal forum,' which can be vindicated without disrupting Congress's intended division of labor between state and federal courts." *Gunn*, 568 U.S. at 258 (quoting *Grable*, 545 U.S. at 313–14).

The Original Petition does not meet the first circumstance identified above as the face of Plaintiff's well-pleaded petition does not contain a federally created cause of action (Dkt. #1-4). In the Original Petition, Plaintiff asserts claims for wrongful foreclosure, breach of contract, and to quiet title (Dkt. #1-4 ¶¶ 23–33). Plaintiff also seeks a declaratory judgment asking the Court to declare:

- Plaintiff was not properly served with a citation or a copy of the petition in the dispute;

- Plaintiff was not served with a notice of default and given an opportunity to cure as required by Texas Property Code § 51.002(d);

- Plaintiff was not served with a notice of sale as required by Texas Property Code § 51.002(b)(3);

- The foreclosure sale was void and without authority;

- The trustee's deed is void and did not transfer title from Plaintiff to Defendant Fannin 900 Land Trust;

- Plaintiff is entitled to possession of the Property.

(Dkt. #1-4 ¶¶ 21–22). None of Plaintiff's causes of action, or Plaintiff's request for a declaratory judgment, is founded on a federally created cause of action. As the Original Petition does not contain a federally created cause of action, the Original Petition does not meet the first circumstance giving rise to federal question jurisdiction under § 1331.

The Original Petition also does not fall into "the special and small category" of other cases giving rise to federal question jurisdiction as identified under the second circumstance above. *See*

6

*Manning*, 136 S. Ct. at 1569 (quoting *Gunn*, 568 U.S. at 258). Plaintiff argues in its Motion to Remand, "Even assuming that Plaintiff's reliance on federal law was not unequivocally clear and certain upon filing this lawsuit in 2017, Defendant Lantana failed to timely remove this lawsuit." (Dkt. #13 ¶ 13). Reading between the lines, and considering Plaintiff's supplemental pleading, Plaintiff seems to believe that the Original Petition implicated a constitutional due process claim because it contained allegations concerning improper service.[3]

The Court disagrees. In the Original Petition, Plaintiff alleged that Defendants failed to properly serve her under Rules 106 and 736 of the Texas Rules of Civil Procedure and other provisions of the Texas Property Code (Dkt. #1-4 ¶¶ 14, 17, 19, 22). Although failing to serve Plaintiff in compliance with Texas law might form the basis of a federal due process claim, Plaintiff did not allege such a claim. Reviewing the Original Petition, the Court finds no allegations relating to a federal claim or question. In fact, reviewing the Original Petition, the words "federal," "due process," "United States," or any other words associated with facts that might raise a federal question do not appear. Consequently, the Court does not believe the Original Petition contained a federal question that could form the basis for jurisdiction under § 1331.

Even if the Court is incorrect, and the Original Petition's improper service allegations raised a federal due process issue, the federal issue was not necessarily raised. *Gunn*, 568 U.S. at 258. A federal issue is "necessarily raised" if a plaintiff's right to relief requires a resolution of the federal issue. *See Gunn*, 568 U.S. at 259; *Manning*, 136 S. Ct. at 1570 ("the claim's very success [must] depend[] on giving effect to a federal requirement."); *PlainsCapital Bank v. Rogers*,

---

3. Plaintiff might argue that because the state court granted Plaintiff's motion to file a *supplemental* pleading, instead of an *amended* pleading, that the state court agreed that Plaintiff's suit always implicated a federal due process claim. However, it does not appear that the state court agreed with this position, as the state court provided additional time for discovery when it granted Plaintiff's Motion for Leave to File Supplemental Petition, "IT IS FURTHER ORDERED that the parties shall enter into a new scheduling order governing Defendants' discovery on Plaintiff's constitutionality claims, dispositive motions, and trial of this cause." (Dkt. #1-36).

7

715 F. App'x. 325, 330 (5th Cir. 2017) (citations omitted) ("When state law provides an alternative ground for recovery, the federal issue is not 'necessarily raised.' . . . In this case, it was not necessary to raise the federal issue because there are independent state-law grounds for recovery."); *Enable Miss. River Transmission, L.L.C. v. Nadel & Gussman, L.L.C.*, 844 F.3d 495, 499 (5th Cir. 2016); *Gomez v. O'Reilly Auto. Stores, Inc.*, 283 F. Supp. 3d 569, 575 (W.D. Tex. 2017). Plaintiff pleaded in her First Supplemental Petition, "Both the Texas and United States Constitution[s] provide that Plaintiff may not be deprived of her property (and particularly, in Texas, her homestead) without due process of law." (Dkt. #1-37 ¶ 1). Consequently, even if the Original Petition contained a veiled due process claim, the claim could be resolved under either Texas or federal law. As the veiled claim could be resolved under either Texas or federal law, the federal claim could not be necessarily raised under § 1331. The Magistrate Judge correctly reached the same conclusion in her Report and Recommendation:

> Upon review, Plaintiff's Original Petition (Dkt. 1-4) does not, on its face, allege facts which clearly and certainly invoke a federal question. Where a claim can raise either a federal or state remedy, a plaintiff may elect to proceed exclusively under state law. *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir. 1995). While the Original Petition mentions defects in service, merely alleging a defect in service does not clearly assert a federal question, as Texas state and federal law both have statutes which govern service. Likewise, the First Amended Petition similarly fails to allege a federal question with sufficient clarity to put Lantana on notice of a federal claim. *See* Dkt. 1-22.

(Dkt. #20 at p. 6).

As the Original Petition did not allege a federally created cause of action and does not fall into the "special and small category" of other cases giving rise to federal question jurisdiction, the

Court finds that the Original Petition was not initially removable.[4] Therefore, the Court must now determine when this case became removable.

## II. Removal Clock

Under 28 U.S.C. § 1446(b)(3), where the original complaint is not initially removable, a defendant may later remove the case to federal court after receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." "Generally, when courts look to 'other paper' to ascertain removability, courts are clarifying that *diversity* jurisdiction has been established." *Amrhein v. Prosperity Bank*, 4:18-CV-18, 2018 WL 2392800, at *4 (E.D. Tex. May 25, 2018) (emphasis added). In these diversity cases, a plaintiff will typically bring a state-law claim against a diverse party in state court, but will not allege an amount in controversy in the complaint. *Eggert v. Britton*, 223 F. App'x. 394, 397 (5th Cir. 2007). Then, some "other paper" will enable the defendant to ascertain the amount in controversy, establishing federal diversity jurisdiction under 28 U.S.C. § 1332. *Id.* (citing *Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759, 761 (5th Cir. 2000); *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996); *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1078 (10th Cir. 1999)). In these cases, the other paper provides new information—not contained in the complaint—that enables the defendant to ascertain that the case is one which is or has become removable under § 1446(b)(3). When the defendant receives this other paper, the 30-day removal clock begins. *See Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 398 (5th Cir. 2013) (citation omitted).

Due to the well-pleaded complaint rule, the § 1446(b)(3) analysis is different when courts look to "other paper" to clarify whether *federal question* jurisdiction has been established. As

---

4. For the same reasons, Plaintiff's First Amended Petition did not assert a federal question and, therefore, was also not removable under § 1331.

stated previously, the well-pleaded complaint rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc.*, 482 U.S. at 392. Therefore, other paper providing new information—not contained in the complaint—cannot enable a defendant to ascertain that the case is one which is or has become removable for the purposes of establishing federal question jurisdiction under § 1331, because the new information is not found on the face of the plaintiff's well-pleaded complaint. *See Eggert*, 223 F. App'x at 397–98. Instead, the other paper may only "clarify the federal nature of an existing claim [in the well-pleaded complaint], and not relate to a putative claim that has not yet been pled." *O'Keefe v. State Farm Fire & Cas. Co.*, CIV.1:08CV600HSOLRA, 2009 WL 95039, at *3 (S.D. Miss. Jan. 13, 2009) (citing *Eggert*, 223 F. App'x. 397–98; *Trotter v. Steadman Motors, Inc.*, 47 F. Supp. 2d 791, 792 (S.D. Miss. 1999)); *see also Causey's Pharmacy, Inc. v. Praeses, LLC*, 1:17-CV-01391, 2018 WL 1867136, at *4 (W.D. La. Apr. 2, 2018), *report and recommendation adopted sub nom. Causey's Pharmacy, Inc. v. Praeses, LLC.*, 1:17-CV-01391, 2018 WL 1867088 (W.D. La. Apr. 18, 2018) (citing *Eggert*, 223 F. App'x at 397–98) ("Usually where the federal claim is mentioned somewhere other than the complaint, it simply does not exist."); *Strikes for Kids v. Nat'l Football League*, 3:17-CV-0018-B, 2017 WL 2265534, at *3 (N.D. Tex. May 24, 2017) (citing *Eggert*, 223 F. App'x 397–98) ("In other words, for removal based on 'other paper' to be proper and consistent with the well-pleaded complaint rule, the 'other paper' cannot be used to interject a new federal claim, but instead must be used to clarify that the plaintiff's existing claims are federal in nature."); *Hogan v. Williams*, CV 17-3, 2017 WL 710414, at *3 (E.D. La. Feb. 22, 2017) (citing *Eggert*, 233 F. App'x 397–98). In other words, "other paper" cannot inject a federal question into the well-pleaded complaint, it can only clarify that a federal

question already exists in the plaintiff's well-pleaded complaint. *See Eggert*, 223 F. App'x. at 397–98 (quoting *Trotter*, 47 F. Supp. 2d at 793).[5]

As found above, Plaintiff's Original Petition did not present a federal question. Therefore, Plaintiff could not inject a federal question into the Original Petition through the "motions" and "other papers" at issue, including Plaintiff's partial motion for summary judgment; Plaintiff's motion for leave to supplement petition; and Plaintiff's motion for continuance, objections and response to Defendant's motion for summary judgment.[6] Instead, it was only after the state court granted Plaintiff's motion for leave to file Plaintiff's supplemental petition—adding Plaintiff's federal due process claim to Plaintiff's petition for the first time—that the case became removable. *Parker v. Henderson Indep. Sch. Dist.*, 6:06-CV-278, 2007 WL 1006941, at *2 (E.D. Tex. Mar. 30, 2007) (citing *Sullivan v. Conway*, 157 F.3d 1092, 1094 (7th Cir. 1998)) ("Until the court granted their motion for leave to file an amended complaint . . . , there was no basis for removal."); *see also White v. Alfa Agency, Inc.*, 414CV00171DMBJMV, 2016 WL 54683, at *2 (N.D. Miss. Jan. 5, 2016) (citations omitted); *Fortenberry v. Prine*, 2:14-CV-56-KS-MTP, 2014 WL 2993668, at *3 (S.D. Miss. July 2, 2014) (citations omitted); *Payne v. Highland Homes, Ltd.*, 4:14-CV-369,

---

5. Most of the cases cited by Plaintiff either (1) analyze § 1446(b)(3) in the context of removal based on diversity jurisdiction or (2) are situations where courts found that the plaintiff's complaint contained a federal question that was clarified by some "other paper." For example, in *Rivera*—cited repeatedly by Plaintiff in her reply—the court first found that the plaintiff's claim "necessarily involve[] a federal question" before determining that the plaintiff's objections constituted an other paper starting the 30-day removal clock under § 1446(b)(3). *Rivera v. Discover Bank Card/Discover Fin. Servs.*, 4:17-CV-622-ALM-CAN, 2017 WL 6520577, at *2 (E.D. Tex. Nov. 13, 2017), *report and recommendation adopted*, 4:17-CV-622, 2017 WL 6512237 (E.D. Tex. Dec. 20, 2017).

6. At least three courts in this Circuit have stated that a responsive pleading, such as a response to a motion for summary judgment, can qualify as an "other paper" sufficient to put a defendant on notice that a federal cause of action has been pleaded. *Schexnider v. Schexnider*, 6:11-CV-02148, 2013 WL 5603808, at *4 (W.D. La. Oct. 10, 2013) (citing *Jackson v. Brooke*, 626 F. Supp. 1215, 1216–17 (D. Colo. 1986)); *Bailey v. Citgo Petroleum Corp.*, 10-1387, 2011 WL 13243815, at *4 (W.D. La. June 27, 2011) (citing *Jackson*, 626 F. Supp. at 1217); *Thompson v. Pyramid Constructors*, 125 F. Supp. 2d 200, 203 (E.D. Tex. 2000) (citing *Jackson*, 626 F. Supp. at 1216–17). Although *Thompson* cites the proposition, it does not apply it. *See* 125 F. Supp. 2d at 204–5 (remanding the case because the plaintiff did not plead a federal question). *Bailey* cites the proposition, but then correctly notes that an "other paper" may only clarify the federal nature of a previously pleaded claim. 2011 WL 13243815, at *5 (citations omitted). *Schexnider* does not address the Fifth Circuit's holding in *Eggert* and, instead, relies on *Jackson*—a Tenth Circuit district court case. 2013 WL 5603808, at *4. The Court finds *Eggert* more persuasive than *Jackson*.

2014 WL 4303769, at *1 (E.D. Tex. Aug. 29, 2014), *report and recommendation adopted*, 4:14-CV-369, 2014 WL 5422145 (E.D. Tex. Oct. 24, 2014); *O'Keefe*, 2009 WL 95039, at *6; *Bolden v. McMillin*, CIV.A. 3:06CV567LN, 2006 WL 3694599, at *1 (S.D. Miss. Dec. 13, 2006). As Defendant removed this case within 30 days of the state court granting Plaintiff's motion for leave, Defendant timely removed the case under § 1446(b)(3). As Defendant timely removed the case, Plaintiff's argument that Defendant failed to timely remove the case must be rejected.

### III. Forum Shopping

The only other argument raised by Plaintiff in her motion and reply is that Defendant is forum shopping. Plaintiff explains that it was only after the state court found that a fact issue existed on her un-pleaded, federal due process claim that Defendant removed the case (Dkt. #19 ¶ 9; Dkt. #19-1 at pp. 1–2). Plaintiff urges the Court to prevent Defendant from "restart[ing] the litigation" by providing Defendant a "second bite at the apple" at summary judgment through removal (Dkt. #19 ¶ 9).

The Court reminds the parties that a case is not restarted when it is removed. Courts in the Fifth Circuit abide by the "well established principle that 'when a case is removed the federal court takes it as though everything done in the state court had in fact been done in the federal court.'" *Murray v. Ford Motor Co.*, 770 F.2d 461, 464 (5th Cir. 1985) (quoting *Savell v. S. Ry. Co.*, 93 F.2d 377, 379 (5th Cir. 1937)). Although federal courts may have the power to reconsider certain state court orders, generally, "whenever a case is removed, interlocutory state court orders are transformed . . . into orders of the federal district court to which the action is removed. The district court is thereupon free to treat the order as it would any such interlocutory order it might itself have entered." *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1304 (5th Cir. 1988).

## CONCLUSION

Based on the preceding discussion, the Court **REJECTS IN PART** the Report and Recommendation of the Magistrate Judge and hereby **DENIES** Plaintiff's Motion to Remand (Dkt. #13).

**IT IS SO ORDERED.**

SIGNED this 1st day of August, 2019.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE